TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
JEREMY K. BEECHER (Cal. Bar No. 301272)
KELLY LAROCQUE (Cal. Bar No. 337912)
Assistant United States Attorneys
Transnational Organized Crime Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-5429/3308
Facsimile: (213) 894-0141
E-mail: jeremy.beecher@usdoj.gov
kelly.larocque@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

TOMAS MARQUEZ-RUIZ,

Defendant.

Case No. 2:23-CR-564-MWF-3

STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

**CURRENT TRIAL DATE: 10/27/2026**
**PROPOSED TRIAL DATE: 11/17/2026**

**CURRENT PTC DATE: 10/14/2026**
**PROPOSED PTC DATE: 11/5/2026**

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jeremy K. Beecher and Kelly Larocque, and defendant Tomas Marquez-Ruiz, both individually

and by and through his counsel of record, George Quevedo, hereby stipulate as follows:

1. The Indictment in this case was filed on November 15, 2023.

2. Defendant first appeared before a judicial officer of the court in which charges in this case were pending on December 19, 2023. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence as to him on or before February 27, 2024.

3. On June 3, 2026, the Court set a trial date of October 27, 2026, and a status conference date of October 14, 2026.

4. Defendant is released on bond. The parties estimate that the trial in this matter will last approximately three days.

5. By this stipulation, defendant moves to continue the trial date to November 17, 2026, and the pretrial conference date to November 5, 2026. This is the sixth request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendants Marquez-Ruiz is charged with violations of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (conspiracy to distribute controlled substances) and 21 U.S.C. § 841(a)(1), (b)(1)(C) (distribution of cocaine).

b. The government has produced significant discovery to the defense, including laboratory reports, reports of investigations, photographs, audio and video recordings, transcripts, police reports, and investigative process applications and returns. The government anticipates providing additional discovery as trial approaches.

c. Defense counsel is presently engaged in trial in the case of <u>People v. Jesus Javier Pulido-Barragan</u>, Los Angeles Superior

Court Case # XSE VA158742, a murder trial commencing on October 12, 2026, and anticipated to last through the current pretrial conference and trial date.

d. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e. Defendant believes that failure to grant the continuance will deny them continuity of counsel and adequate representation.

f. The government does not object to the continuance.

g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 27, 2026, to November 17, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without

government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 13, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

*/s/*
JEREMY K. BEECHER
KELLY LAROCQUE
Assistant United States Attorneys
Transnational Organized Crime Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am TOMAS MARQUEZ-RUIZ's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 17, 2026, is an informed and voluntary one.

October 13, 2026

GEORGE QUEVEDO
Attorney for Defendant
TOMAS MARQUEZ-RUIZ

Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than November 17, 2026. I understand that I will be ordered to appear in Courtroom 5A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on November 17, 2026, at 8:30 a.m.

October 13, 2026

TOMAS MARQUEZ-RUIZ
Defendant

Date